```
           IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF KANSAS


HEIDI CISSNA,                       )
                                    )
               Plaintiff,           )
                                    )   CIVIL ACTION
v.                                  )
                                    )   No. 08-2161-JWL-DWB
                                    )
MICHAEL J. ASTRUE,                  )
Commissioner of Social Security,    )
                                    )
               Defendant.           )
_____)
```

**REPORT AND RECOMMENDATION**

Plaintiff seeks judicial review of a decision of the Commissioner of Social Security (hereinafter Commissioner) denying disability insurance benefits under sections 216(I) and 223 of the Social Security Act. 42 U.S.C. §§ 416(I) and 423(hereinafter the Act). The matter is before the court on the Commissioner's Motion for Remand (Doc. 14), made after plaintiff filed her Social Security Brief (Doc. 9)(hereinafter Pl. Br.) in accordance with D. Kan. Rule 83.7.1.

**I.  Background**

In her brief, plaintiff alleged three errors in the decision Administrative Law Judge (ALJ) Jack R. Reed issued on December 18, 2007. (R. 393-401). She claims that the ALJ improperly found medical improvement after June 30, 2003; that the ALJ's

credibility finding (that plaintiff's allegation regarding the severity of her symptoms after June 30, 2003 are not entirely credible) is not supported by substantial evidence in the record as a whole; and that the ALJ's hypothetical question did not accurately reflect plaintiff's residual functional capacity (RFC) in light of the opinion of her treating physician, Dr. Gilgore. (Pl. Br. 20-26).  Plaintiff seeks remand for an immediate award of benefits, alleging additional fact-finding is unnecessary because the evidence establishes total disability.  Id. at 26-27.

The Commissioner apparently agreed with certain of plaintiff's allegations of error, and sought remand.  (Docs. 14, 15).  In his memorandum in support of remand, the Commissioner appears to concede error in determining medical improvement and in considering Dr. Gilgore's opinion.  (Doc. 15, p.2).  He also agreed that on remand the ALJ would "be directed to perform a proper credibility determination."  Id.

Plaintiff filed a memorandum in opposition to the Commissioner's motion, and seeks immediate award of benefits. (Doc. 17)(hereinafter Pl. Opp'n).  Plaintiff claims further proceedings are unnecessary because the Commissioner has not gotten it right in seven and one-half years of proceedings, because the evidence shows there was no medical improvement after June 30, 2003, because the evidence shows plaintiff is clearly disabled, and because the Commissioner failed to meet his burden

to show that there is work available in the economy of which plaintiff is capable. Id. 1-4.

## II. Analysis

As the parties agree, the court has jurisdiction pursuant to the fourth sentence of 42 U.S.C. § 405(g) "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the cause for a rehearing." However, the court may "neither reweigh the evidence nor substitute [it's] judgment for that of the agency." White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001)(quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005).

Whether to remand a case for additional fact-finding or for an immediate award of benefits is within the discretion of the district court. Ragland v. Shalala, 992 F.2d 1056, 1060 (10th Cir. 1993); Taylor v. Callahan, 969 F. Supp. 664, 673 (D. Kan. 1997) (citing Dixon v. Heckler, 811 F.2d 506, 511 (10th Cir. 1987)). In 2006, the Tenth Circuit noted two factors relevant to whether to remand for an immediate award of benefits: length of time the matter has been pending, and "whether or not 'given the available evidence, remand for additional fact-finding would serve [any] useful purpose but would merely delay the receipt of benefits.'" Salazar v. Barnhart, 468 F.3d 615, 626 (10th Cir.

2006)(quoting Harris v. Sec'y of Health & Human Servs., 821 F.2d 541, 545 (10th Cir. 1997).

The decision to direct an award of benefits should be made only when the administrative record has been fully developed and when substantial and uncontradicted evidence on the record as a whole indicates that the claimant is disabled and entitled to benefits. Gilliland v. Heckler, 786 F.2d 178, 184, 185 (3rd Cir. 1986). However, the Commissioner is not entitled to adjudicate a case ad infinitum until he correctly applies the proper legal standard and gathers evidence to support his conclusion. Sisco, 10 F.3d at 746.

As the court in Salazar suggested, the length of time the Commissioner has been considering an application for DIB is a weighty factor in the court's decision. Salazar, 468 F.3d at 626. Plaintiff states that her claim has been pending for seven and a half years, but she paints with too broad a brush. As plaintiff explained, she applied for DIB in June, 2001. (Pl. Opp'n 1)(R. 74-76). However, as plaintiff admits, on December 18, 2007, she was found disabled for the closed period from March 20, 2001 through June 30, 2003. (Pl. Opp'n 2)(R. 393-401). Therefore, the question of medical improvement has been at issue only for one and one-half years since December, 2007.

The evidence regarding plaintiff's condition between June 2003 and September 2007 was available before the ALJ when he made

the decision under review.  Neither plaintiff nor the Commissioner argue that additional evidence was necessary to properly decide the issues presented for determination.  To that extent, the record regarding medical improvement before September 2007 was fully developed.[1]

Nonetheless, both parties agree that the issues were not properly considered and decided by the ALJ.  The controlling issue here is whether substantial and uncontradicted evidence on the record as a whole indicates that the claimant is disabled and entitled to benefits.  Gilliland, 786 F.2d at 184, 185.  Stated another way, the question is whether "given the available evidence, remand for additional fact-finding would serve [any] useful purpose but would merely delay the receipt of benefits." Salazar, 468 F.3d at 626.

Plaintiff asserts that the evidence shows that medical improvement has not occurred on or after June 30, 2003; argues that the ALJ relied solely on the testimony of the medical expert, Dr. Brahms; and points to plaintiff's testimony regarding her limitations, to Dr. Dick's treatment notes, and to the opinion of plaintiff's physician, Dr. Gilgore.  (Pl. Opp'n 2-4).  The reason this case must be remanded is revealed in plaintiff's

---

[1] The court does not intend to imply that further development is completely unnecessary, because on remand it may be necessary to determine whether plaintiff's condition has changed since the December 2007 decision at issue here.

argument for immediate award of benefits.  As plaintiff's argument suggests, Dr. Brahms testified that medical improvement occurred on June 30, 2003.  (R. 691).  Moreover, the ALJ relied upon Dr. Brahms's testimony in finding medical improvement.  (R. 398).  Although the ALJ did not state the specific signs, symptoms, and laboratory findings which support his finding of medical improvement, he stated that he relied upon Dr. Brahms's testimony, and that testimony is evidence contrary to the evidence upon which plaintiff relies in arguing that medical improvement has not occurred.  Therefore, the evidence regarding medical improvement is contradictory, and further fact-finding is necessary to weigh the evidence and determine whether medical improvement occurred on June 30, 2003 or at any time thereafter.

     As plaintiff and the Commissioner seem to agree, the ALJ failed to properly weigh the medical opinions of the treating sources and the nonexamining source, did not properly apply the regulations in determining medical improvement, and did not explain his findings regarding the credibility of plaintiff's allegations of symptoms.  Each of these actions must be performed by the Commissioner, and is not within the jurisdiction of the court on judicial review.  Therefore, remand is necessary for the Commissioner to weigh the medical opinions including the opinions of Dr. Gilgore, to properly apply the medical improvement standard, and to perform a proper credibility analysis.

Plaintiff's reliance on the decision in <u>Smith v. Barnhart</u>, 92 Fed. Appx. 752, 755-56, 2004 WL 5424888 (10th Cir. Mar. 19, 2004) does not change the result here because the <u>Smith</u> court determined that remand was necessary for the ALJ to properly apply the medical improvement standard.  Here, because the medical improvement standard must also be properly applied, remand is also necessary.

**IT IS THEREFORE RECOMMENDED** that the Commissioner's motion (Doc. 14) be GRANTED, that the final decision be REVERSED, and that judgment be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING this case for further proceedings as discussed herein.

Copies of this recommendation and report shall be delivered to counsel of record for the parties.  Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), and D. Kan. Rule 72.1.4, the parties may serve and file written objections to this recommendation within ten days after being served with a copy.  Failure to timely file objections with the court will be deemed a waiver of appellate review.  <u>Morales-Fernandez v. INS</u>, 418 F.3d 1116, 1119 (10th Cir. 2005).

Dated this 7th day of May 2009, at Wichita, Kansas.

                                            s/Donald W. Bostwick
                                            **DONALD W. BOSTWICK**
                                            **United States Magistrate Judge**