**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **HEIDI L. CISSNA,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 08-2161 |
| ) | |
| **MICHAEL J. ASTRUE,** ) | |
| **Commissioner of Social Security,** ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM AND ORDER**

Plaintiff Heidi Cissna initiated this suit as a challenge to Defendant Commissioner Michael J. Astrue's limited award of benefits under the Social Security Act. The Commissioner filed a motion asking this court to reverse and remand the case for further consideration by the Administrative Law Judge (ALJ) (Doc. 14). The case was referred to a Magistrate Judge, who filed a Report and Recommendation (R&R) (Doc. 18) recommending that this court grant the Commissioner's motion and remand the case for additional proceedings. Ms. Cissna objects to that R&R (Doc. 19). For the reasons discussed below, the R&R is adopted and the decision is reversed and remanded.

**1.      Background**

Ms. Cissna applied for benefits in June 2001. Following a hearing before an ALJ,

a series of unfavorable rulings, and a decision from this court to remand the case for additional proceedings, an ALJ entered a partially favorable decision in December 2007, concluding that Ms. Cissna was entitled to benefits for the period of disability from March 20, 2001 to June 30, 2003. Ms. Cissna alleges three errors in the ALJ's decision: that he improperly found medical improvement after June 30, 2003; that the credibility finding about her medical improvement is not supported by substantial evidence in the record; and that the hypothetical question posed to the vocational expert was improper.

The Commissioner, in apparent agreement with some of Ms. Cissna's claims of error, asked this court to remand the case so that the ALJ could perform a proper credibility determination. Ms. Cissna opposes this request, arguing that further proceedings are unnecessary and would create unacceptable delay in the resolution of her case. Instead, she urges this court to remand for an immediate award of benefits, rather than additional fact-finding.

**2.      Standard of Review**

This court has limited review of the Commissioner's determination that plaintiff is not disabled within the meaning of the Social Security Act. *See Hamilton v. Secretary of HHS*, 961 F.2d 1495, 1497 (10th Cir. 1992). The court examines whether the Commissioner's decision is supported by substantial evidence in the record as a whole and whether the Commissioner applied the correct legal standards. *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004). "A decision is not based on substantial evidence

2

if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Id.* But the court "neither reweighs the evidence nor substitutes its judgment for that of the Commissioner." *Id.*

The court reviews de novo those portions of the Magistrate Judge's R&R to which a written objection has been made. *See* D. Kan. Rule 72.1.4(b); Fed. R. Civ. P. 72(b). Those portions to which neither party objects are deemed admitted, and failure to object constitutes a waiver of any right to appeal. *See Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1114 (10th Cir. 2004); *Johnson v. Barnhart*, 402 F. Supp. 2d 1280, 1282 (D. Kan. 2005). The court is afforded considerable discretion in determining what reliance it may place upon the Magistrate Judge's recommendations and findings. *See Johnson*, 402 F. Supp. 2d at 1282. The Court may accept, reject, or modify the Magistrate Judge's disposition. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Johnson*, 402 F. Supp. 2d at 1282.

**3.     Discussion**

In considering a possible remand, this court has discretion to remand either for further administrative proceedings or for an immediate award of benefits. *Regland v. Shalala*, 992 F2d. 1056, 1060 (10th Cir. 1993). In deciding which kind of remand to issue, the court should consider "the length of time the matter has been pending" and "whether or not given the available evidence, remand for additional fact-finding would serve [any] useful purpose but would merely delay the receipt of benefits." *Salazar v.*

*Barnhart*, 468 F.3d 615, 626 (10th Cir. 2006) (internal quotation marks and citation omitted).

The Magistrate Judge, after evaluating the arguments of both parties and the factors noted above, recommended that this court grant the Commissioner's motion to remand for additional proceedings.

Ms. Cissna objects to the R&R "for the same reasons as outlined in her memorandum in opposition to the Commissioner's motion to remand." Specifically, she contends that remanding the case for further proceedings will cause unnecessary delay. She does not, however, point to any specific error by the Magistrate Judge.

The Magistrate Judge specifically addressed plaintiff's contention of delay as one of the two factors identified in *Salazar*, and he noted that the question of medical improvement has been at issue only since the ALJ's December 2007 decision limiting benefits. Moreover, as the Magistrate Judge explained, the evidence regarding Ms. Cissna's medical improvement is contradictory and warrants further fact-finding.

Accordingly, this court agrees with the reasoning of the Magistrate Judge, and Ms. Cissna's objections fail to identify any error in the R&R.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Objections to the Report and Recommendation of U.S. Magistrate Judge (Doc. 19) are overruled. The Report and Recommendation (Doc. 18) is adopted.

4

**IT IS FURTHER ORDERED** that the Commissioner's motion (Doc. 14) is granted. This case is REVERSED and REMANDED for further proceedings consistent with this order.

**IT IS SO ORDERED** this 18th day of June, 2009.

                                              s/ John W. Lungstrum  
                                              John W. Lungstrum  
                                              United States District Judge